LEWIS

v.

HICKMAN'S HEIRS &
ADMRS.

)
)
)     CHANCERY.
)
)

WHITESIDE and HAYWOOD, for the complainant,

TRIMBLE, for the defendants,

110

OVERTON, J., delivered the resolution of the court:—

In the discussion of this case it was admitted that as it respected the heirs, we are to be governed by the decision in the case of *Smith* v. *Hickman heirs* Ante Vol. 1, in which it was determined that the plea is a bar.

(1) As it respects Hickman the administrator it is insisted that the plea is not a bar; because, First, The Act of 1789, Ch. 23, repeals the 9th Sec. of the Act of 1715, Ch. 48, as it relates to executors and administrators; and Hickman not having complied with the terms of that Act, he is not entitled to its benefit. Second, But, if the Act of 1715 be not repealed, the making of a deed by Hickman the administrator is equivalent to an acknowledgment, and takes the case out of the statute.

The court, upon a full consideration of the subject find that the reasoning in the case of *Smith* v. *Hickman's heirs* applies with equal force to the case of executors and administrators. Consistently with the principles of law, the two Acts of 1715 and 1789 must stand together, as it is evident that the latter was not intended as an entire repeal of the former.

(2) The court cannot think the fifth section of the Act of 1789 is directory, as is insisted by the complainant.

111

It has uniformly been considered by the courts of North Carolina as a condition precedent, and this court has no disposition to disturb that opinion. This section requires that the personal representatives shall advertise within two months after being qualified as executor or administrator, "for all persons to bring their accounts and demands of every kind and denomination to the said executor or administrator, agreeably to the directions of this act". The second section provides that the debts shall be settled within two years, and that the representative pay over the surplus to those entitled. The fourth section provides that all creditors living within the State, shall within two years, make demand of their debtor claims; and to residents without the limits, three years are allowed; "and if any creditor thereafter shall fail to demand and bring suit for the recovery of his debt within the aforesaid time limited, he shall forever be debarred from the recovery of his debt in any court whatever".

The 9th Section, of the Act of 1715, Ch. 47, provides, "that the creditors of any person deceased shall make their claims within seven years after the death of such debtor; otherwise such creditor shall be forever barred," —and "if it shall so happen that any sum or sums of money shall hereafter remain in the hands of any administrator after the term of seven years shall have expired, or not recovered by any of the creditors in that time, the same shall be paid over to the church wardens," and etc.

(3) So much of this section as relates to the disposition of the surplus after seven years is clearly repealed by the Acts of 1784 Ch. 23, and 1789, Ch. 23.

And the only question as to the repeal is, whether the provisions of the Act of 1789 is so entirely inconsistent

112

with the 9th section of 1715 in relation to the bar of seven years, that they cannot stand together in any case.

(4) It would seem most probable, that the legislature when it passed the act of 1789, still possessed the disposition manifested by the Act of 1715 in relation to a bar in all cases. By the Act of 1715 it is obvious the claims of infants, feme coverts, and etc., were barred after seven years. Different distinct interests necessarily grow out of deceased persons estates both directly and collaterally. The limitation of demands against funds thus situated, stands on a foundation entirely different from cases where no other person is interested but the person sued, as the executor or administrator. The importance of limiting sometime within which all claims should be exhibited, so that the various interests growing out of deceased persons estates might know when to be at rest, seems obvious. In the preamble to the first and second sections of the act of 1789, it is evident the legislature intended to render the law more precise and intelligable, as well as to lessen the delay and difficulty in the settlements of estates by executors and administrators. Hence, it is probable the legislature designed to limit the operation of the two provisos to the fourth section, to seven years. But it is not necessary to give any decisive opinion on this ground; because, the act of 1715 can have its operation to bar the claim against Hickman the administrator in this case without determining that point. Neither of the two cases, disability or indulgence, specified in the provisos to the fourth section of the act of 1789, exist in this case. Nor does it appear that the administrator advertised agreeably to the fifth section. There can be no difficulty in saying that in cases where the representative of the deceased has advertised agreeably to that section, and neither of the exceptions in the

proviso occurring, a claim will be barred in two years; but if he shall not advertise, then the bar of seven years occurs, agreeably to the 9th Section of the Act of 1715.

*(5)* The second proportion involves a consideration of the Act of 1794, Ch. 5, authorizing executors and administrators to make deeds for lands where the deceased had given obligations.

This act does not limit any time within which the executor or administrator shall exercise the power given; but taking it in connection with the two acts already mentioned, it seems just to infer that the legislature designed that the representative should make a deed within seven years and not afterwards. Agreeably to these acts, after the lapse of seven years, an executor or administrator has no power over the estate whereby an act of his can affect the interest of third persons, either directly or indirectly. This being the utmost limit for his management and control where the rights of others are concerned, therefore any acknowledgment or act of Hickman after that time cannot have any effect.

The bill must be dismissed.